**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 03:36 PM December 31, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| KURT D. MAGERS, | ) | CASE NO. 14-62514 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |

On November 25, 2014, the court issued an order stating that Kurt D. Magers ("Debtor") may be ineligible for a bankruptcy discharge in his current chapter 7 bankruptcy case because of a bankruptcy discharge in a prior chapter 13 case. Debtor responded to the court's order on December 3, 2014, arguing that because Debtor's previous chapter 13 case paid 100% to general unsecured creditors, Debtor remains eligible for a discharge.

Under 11 U.S.C. § 727(a)(9), a debtor previously granted a discharge under chapter 13 cannot obtain a discharge in a chapter 7 bankruptcy case filed within the next six years. However, a debtor remains eligible for a discharge in a new chapter 7 case if the previous chapter 13 case paid: "100 percent of allowed unsecured claims . . . or 70 percent of [unsecured claims] and the plan was proposed by the debtor in good faith, and was the debtor's best effort." 11 U.S.C. § 727(a)(9)(A)–(B).

Debtor's previous chapter 13 bankruptcy case was filed on March 18, 2009, and the current chapter 7 case was filed on November 18, 2014, making the previous chapter 13 case within the six year look-back period. Debtor's confirmed chapter 13 plan originally proposed to

pay only 10% to general unsecured creditors, but due to an earnings increase, Debtor's payments increased from $173.00 to $390.00. Thereafter, on May 22, 2012, Debtor completed his chapter 13 plan payments, and on July 12, 2012, Toby L. Rosen, the chapter 13 panel trustee, filed her final report indicating that Debtor paid 100% on all allowed claims.

Therefore, under 11 U.S.C § 727(a)(9)(A), the court finds that Debtor is eligible for a discharge in his current chapter 7 bankruptcy case. An order will be entered simultaneously with this opinion.

It is so ordered.

# # #

**Service List:**

**Kurt D Magers**
831 Brownwood Rd
Mansfield, OH 44907

**R Joshua Brown**
32 Lutz Ave
Lexington, OH 44904

**Anthony J. DeGirolamo, Trustee - Mansfield**
3930 Fulton Drive NW, Suite 100B
Canton, OH 44718